UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARMEN C. MOSLEY** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION: " "** |
| | * | |
| **ALPHA CONSULTING GROUP, LLC** | * | |
| **AND MAIER MANAGEMENT &** | * | |
| **CONSUTING SOLUTIONS, LLC** | * | **MAGISTRATE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Carmen C. Mosley, ("Plaintiff") or ("Ms. Mosley"), with a complaint against Alpha Consulting Group, LLC ( "Alpha) and Maier Management & Consulting Solutions, LLC ("Maier"), respectfully submitting that the following causes of action are based upon violations of federal law, via the Americans with Disabilities Act "ADA", Title VII, of the Civil Rights Act, as amended, the Family Medical Leave Act ("FMLA"), and violations of concurrent Louisiana Employment Discrimination Act:

**I. PARTIES**

1. Plaintiff, Carmen Mosley, is a citizen of the State of Louisiana and of the United States and resides within the confines of the Middle District of Louisiana.

2. Defendant, Alpha Consulting, LLC ("Alpha") is a Louisiana company, authorized to do and doing business within the confines of the Middle District of Louisiana

   Defendant, Maier Management & Consulting Solutions ("Maier"), is a Louisiana Company, authorized to d and doing business in the Middle District of Louisiana.

-1-

## II. JURISDICTION AND VENUE

3.   Plaintiff asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, as she is suing pursuant to violations of the ADA and ADEA, the FMLA and pursuant to this Honorable Court's Supplemental Jurisdiction under concurrent Louisiana law.

4.   Venue is proper in this district under 28 U.S.C. § 1391 (a) and 42 U.S.C. § 2000(e)-5(f).

## III.  FACTS AND ALLEGATIONS

5.    Ms. Mosley was a case advisor for Alpha and Maier.

6.    Plaintiff alleges that under federal discrimination law and under concurrent Louisiana employment discrimination law, a protected employment relationship exists between Plaintiff and Maier, including, but not limited to, the fact that Maier, had the right to control Plaintiffs' conduct while employed.  That is, Maier exercised its right to demand that Alpha terminate its employees working Maier's work site, and Maier also supervised and set work procedures and schedules for Plaintiff and other employees of Alpha.  Thus, Plaintiff alleges that Alpha and Maier are joint employers under Federal employment discrimination law.

7.    Plaintiff is 57 years old and Plaintiff asserts she was replaced with a younger person.

8.  Upon information and belief, Alpha and Maier utilizes a progressive discipline policy and evaluation policy which includes: (1) verbal warnings to identify problems; (2) written warnings, including a formal meeting with the employee, to establish clear performance expectations to correct the problems; (3) an opportunity for the employee to present his or her case; and (4) termination, if the problems remain unresolved after the above steps.

9.  Plaintiff was never disciplined for any kind of deficient performance or misconduct.

10. Beginning on December 12, 2012, Plaintiff began to have medical problems concerning diabetes and a severely infected gallbladder.

11. Plaintiff was on an approved FMLA leave from December 31, 2012 through February 13, 2013.

12. Plaintiff asserts that this medical condition and her statements to Defendant's management concerning her medical condition constituted a record of disability under the ADA.

13. Plaintiff requested medical leave for her surgery and was granted medical leave as a benefit which is covered under the FMLA.

14. Plaintiff was released to return to work on February 18, 2013 with no restrictions.

15.   On or about February 13, 2013, Plaintiff received a letter from Henry Olinde, council for Alpha saying that she was discharged.

16.   Plaintiff alleges that Maier, who managed her, knew or should have known there was no non-discriminatory and/or non-retaliatory reason to terminate her, yet Maier demanded that Alpha terminate Plaintiff

17.   Plaintiff alleges that whatever reason Defendants asserts for to justify her termination is a pretext for disability discrimination, retaliation for requesting benefits or retaliation from requesting FMLA leave.

18.   Plaintiff also alleges alternatively that the motivation for her termination was due to age discrimination as she was replaced by a younger employee.

19.   Plaintiff alleges amicable demand to no avail.

## IV. COUNT ONE

20.   Plaintiff hereby asserts that defendants' termination of plaintiff's employment was in direct violation of the ADA and concurrent Louisiana law prohibiting disability discrimination, and the ADEA.

21.   Plaintiff alleges that Defendants improperly regarded her as disabled, as defined by the ADA and concurrent Louisiana Law, and so far as the same misconceptions of disability, as held by other employers, would have disqualified Plaintiff from working across a broad class of jobs –i.e, from working generally.

22.   Plaintiff alleges, in the alternative, that Defendants improperly regarded her as disabled, as defined by Louisiana Law, insofar as the same misconceptions of

-5-

disability, if held by other employers, would have disqualified plaintiff from working across a broad class of jobs – i.e., from working generally.

23. In the further alternative, even if plaintiff's medical conditions were deemed to not constitute actual disability as a matter of law, and even if defendant's actions were not deemed to constitute an impermissible perception of disability, plaintiff's requests for accommodations were based upon her reasonable belief that she in fact had a covered disability requiring a reasonable accommodation, and, as such, this constituted legally protected activity under both the ADA and the concurrent Louisiana law concerning disability, employment discrimination.

24. Plaintiff asserts that Defendants' decision to terminate her employment was due to disability discrimination and or due to retaliation because of her request for medical leave as an accommodation for her medical condition.

25. Plaintiff specifically pleads her right to recover punitive damages from Defendant

26.  Under the ADA the Defendants acted in intentional and callous disregard of Plaintiff's Federal protected rights.

27. Due to the above and foregoing allegations, defendant is liable unto plaintiff, pursuant to the ADA, the ADEA for age discrimination and concurrent Louisiana Employment Discrimination Law:  (1) failing to enter a reasonable interactive process; (2) refusing to grant her reasonable requests for accommodation; (3) disability discrimination; and/or, (4) retaliatory termination.  Thus, defendant is liable under Louisiana law for:

A. Back-pay including benefits;

    B.    Front-pay including benefits;

    C.    Mental anguish;

    D.    Humiliation/embarrassment;

    E.    Loss of enjoyment of life;

    F.    Medical expenses;

    G.    Prejudgment interest;

    H.    Punitive Damages;

    I.    Attorney's fees;

    J.    Costs of these proceedings; and

    K.    Injunctive relief enjoining defendant from interfering with Plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law and Federal law.

## V. COUNT TWO

28.   Upon information and belief, Alpha allowed Plaintiff's medical leave a leave under the Family Medical Leave Act, 29 USC §§2601, et seq, and 5 USC §§6381, et seq., ("FMLA").

29.   Additionally and/or in the alternative Plaintiff applied for FMLA leave.

30.   Plaintiff alleges concurrently and/or in the alternative, that failed to find an available position to justify her termination in retaliation for requesting and/or taking FMLA leave.

31.   Accordingly, Alpha is liable unto Plaintiff pursuant to the Family Medical Leave Act, which prohibits employers from discriminating against employees for taking Leave

under the terms of the Act, insofar as Plaintiff asserts that Defendant discriminated and/or retaliated against her due to her medical leave and/or her request for medical leave as prohibited by the FMLA and Defendants are liable unto Plaintiff for:

A.  Wages, salary, employment benefits or other compensation denied or lost to Plaintiff;

B.  Interest;

C.  Liquidated damages equal to the amount described in (A) and the interest described in (B).

D.  Equitable relief as may be appropriate, including employment, reinstatement, and promotion.

32. Plaintiff reserves her right to supplement and amend this Complaint upon the discovery of additional facts.

## VI.  COUNT THREE

33. Plaintiff alternative alleges Defendant's terminated her due to age discrimination under the ADEA and concurrent Louisiana law.

34. Accordingly Defendants are liable unto Plaintiff for:

A.  Wages, salary, employment benefits or other compensation denied or lost to Plaintiff;

B.  Interest;

C.  Liquidated damages equal to the amount described in (A) and the interest described in (B).

D.  Equitable relief as may be appropriate, including employment,

reinstatement, and promotion.

E. Emotional distress damages under Louisiana law.

## VII.  JURY DEMAND

35. Plaintiff requests trial by jury.

## VIII.  PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff, Carmen Mosley, prays that defendant, Alpha Consulting Group, LLC be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your plaintiff, and against defendants, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**JAMES L. ARRUEBARRENA**

  /s/ James L Arruebarrena
James *L. Arruebarrena (#22235) T.A.*
James L. Arruebarrena, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083
jim@unfairtermination.com

**SERVICE VIA SUMMONS:**

**Alpha Consulting Group, LLC**

**Through its agent for service process:**
**Michael E. Olinde**
**4970 Bluebonnet Road, Suite B**
**Baton Rouge, LA 70809**
**(Long Arm Statute)**

**Maier Management & Consulting Solutions, LLC**

**Through its agent for service of process:**

**MR. MICHELLE SIEGEL**
**41400 ORCHID AVENUE**
**PRAIRIEVILLE, LA 70769**